UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No.11-cv-00041 |
| | : |
| **THOMMES & THOMAS LAND CLEARING, INC., THOMAS BENICK AND JOHN THOMMES,** individually and as fiduciaries to the **THOMMES & THOMAS LAND CLEARING, INC. SIMPLE IRA PLAN,** and the **THOMMES & THOMAS LAND CLEARING, INC. SIMPLE IRA PLAN,** | : Hon. Michael J. Davis : Chief Judge |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CONSENT ORDER AND JUDGMENT**

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Plaintiff"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq., filed a complaint against defendants Thommes & Thomas Land Clearing, Inc., Thomas Benick and John Thommes alleging breaches of fiduciary responsibilities under ERISA §§403(c)(1), 404(a)(1)(D), 406(a)(1)(D), 406(b)(1) and (2), and 412, 29 U.S.C. §§1103(c)(1), 1104 (a)(1)(D), 1106(a)(1)(D), 1106(b)(1) and (2), and 1112, with respect to the Thommes & Thomas Land Clearing, Inc. Simple IRA Plan ("the Plan").

Defendants Thommes & Thomas Land Clearing, Inc., Thomas Benick, John Thommes, and the Plan (collectively "the Defendants") have waived service of process of the complaint and admitted to the jurisdiction of this Court over them and the subject

1

matter of this action.  Defendants Thomas Benick and John Thommes neither admit nor deny the allegations contained in the Secretary's Complaint.

The Plaintiff and the Defendants have agreed to resolve all matters in controversy in this action between them (except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l), and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith.

The parties agree that, if the Secretary of Labor assesses a penalty pursuant to ERISA §502(l) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid in accordance with this Consent Order and Judgment.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1. Defendants Thommes & Thomas Land Clearing, Inc., Thomas Benick and John Thommes are  permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq*.

2. Defendants Thommes & Thomas Land Clearing, Inc., Thomas Benick and John Thommes are jointly and severally liable to the Plan in the total amount of $24,676.40 which represents the unremitted employee contributions and lost opportunity costs which accrued as a result of the non-remittance and untimely remittance of employee contributions to the Plan.

3. In addition to the losses owed to the Plan, as set forth in paragraph 2 above, Defendants Thomas Bennick and John Thommes are owed a total of $17,457.25 as a result of their failure to remit employee contributions to the Plan on their own behalf. Defendants Thomas Bennick and John Thommes hereby waive the repayment of this sum to their individual Plan accounts as part of the resolution of this matter

4. Within ten (10) calendar days of the entry of the Consent Order and Judgment, Defendant Thommes & Thomas Land Clearing, Inc. shall pay $24,676.40 to the Plan. Upon receipt, the Plan shall credit these monies to any non-defendant individuals who: (1) were employees of Thommes & Thomas Land Clearing, Inc., (2) Plan participants during the period January 7, 2005 through December 31, 2008, and (3) had employee contributions withheld from their pay for contribution to the Plan during this period and such contributions were never remitted or were not remitted in a timely manner to the Plan.

5. Within twenty (20) days of entry of the Consent Order and Judgment, the Defendants shall cause the Plan to allocate the money received by the Plan pursuant to paragraph 4 above to be allocated to the Plan's participants in an amount equal to the unremitted contributions and/or lost income owed to each participant as set forth in Exhibit A. The money owed to participant J. Benick shall be forwarded to the individual investment account maintained by the Plan on her behalf at Fidelity. The money owed to the remaining participants listed on Exhibit A shall be distributed by the Plan directly to them. Defendants Thomas Benick, John Thommes, and Thommes & Thomas Land Clearing, Inc. shall provide the Secretary with satisfactory proof of the payment and disbursement by forwarding such proof to the Regional Director, Kansas City Regional

Office, Employee Benefits Security Administration, 2300 Main Street, Suite 1100, Kansas City, MO 64108.

6.     If Defendant Thommes & Thomas Land Clearing, Inc. fails to make payment in full to the Plan as described in Paragraph 4 above, Defendant Thomas Benick will automatically be deemed to have authorized the Plan to cause an amount equal to the lesser of the unpaid judgment set forth in paragraph 4 above or 50% of his Plan account balance to be reallocated pursuant to §1502(a) of the Taxpayer Relief Act of 1997, codified at 29 U.S.C. §1056(d)(4).  The money shall be relocated to the Plan's participants in accordance with paragraph 5 of this Consent Order and Judgment.

7.     If Defendant Thommes & Thomas Land Clearing, Inc. fails to make payment in full to the Plan as described in Paragraph 4 above, Defendant John Thommes will automatically be deemed to have authorized the Plan to cause an amount equal to the lesser of the remaining unpaid judgment set forth in paragraph 4 above or 50% of his Plan account balance to be reallocated pursuant to §1502(a) of the Taxpayer Relief Act of 1997, codified at 29 U.S.C. §1056(d)(4).  The money shall be reallocated to the Plan's participants in accordance with paragraph 5 of this Consent Order and Judgment.

8.     Defendants Thomas Benick and John Thommes shall be barred from obtaining a distribution of their individual accounts in the Plan until such time as payment to the Plan in compliance with paragraphs 4, 6 and 7 of this Consent Order and Judgment has been made.

9.     Following restoration of all assets to the Plan and the distribution of those assets to the participants pursuant to this Consent Order and Judgment, Defendants Thomas Benick and John Thommes shall be permanently enjoined from serving or acting

as fiduciaries or service providers with respect to any employee benefit plan subject to ERISA.  Nothing in this Consent Order and Judgment shall preclude Defendants Thomas Benick and John Thommes from serving or acting as a director, officer or employee of any entity which maintains an employee benefit plan covered by ERISA.

10. Each party agrees to bear his, her or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

12. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

DATED:  September 5, 2011

s/ Michael J. Davis
**HON. MICHAEL J. DAVIS
CHIEF JUDGE
UNITED STATES DISTRICT JUDGE**

The parties hereby consent to the entry of this consent order and judgment:

**FOR THE SECRETARY OF LABOR**

**M. PATRICIA SMITH**
Solicitor of Labor

Regional Solicitor
**JOAN E. GESTRIN**


__s/Marla J. Haley_____                            DATED:__8/23/11_____
**MARLA J. HALEY**
Trial Attorney

**P.O. ADDRESS:**
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street, 8TH Floor
Chicago, Illinois 60604
312-353-4455



**FOR THE DEFENDANTS:**


_s/Thomas Benick_____                              DATED:__8/11/2011_____
**THOMAS BENICK**


_s/John Thommes_____                       DATED:__8/11/2011_____
**JOHN THOMMES**



**THOMMES & THOMAS LAND CLEARING, INC.:**

By__s/Thomas Benick_____                      DATED:__8/11/2011_____

Its___Owner_____

**THOMMES & THOMAS LAND CLEARING, INC. SIMPLE IRA PLAN:**

By   s/Thomas Benick                                       DATED:  8/11/11

Its    Owner

 s/Ryan R. Dreyer                                      DATED: 8/19/11
**RYAN R. DREYER, ESQ.**
MORRISON, FENSKE & SUND, P.L.L.C.
Attorneys for Defendants Thommes & Thomas
Land Clearing, Inc. and Thomas Benick
5125 County Road 101; Suite 202
Minnetonka, MN 55345
Tel. 952-277-0116

s/Beau D. McGraw                                  DATED: 8/11/11
**BEAU D. MCGRAW, ESQ.**
McGraw Law Firm, P.A.
Attorneys for Defendant John Thommes
600 Inwood Ave. North, Suite 200
Oakdale, MN 55128
Tel. 651-209-3200
Fax 651-209-0550

Delinquent Employee Contributions
Thommes and Thomas Land Clearing SIMPLE IRA
Case No. 60-103980

|  | Ross Anderson | Neil Briggs | Joanne Benick | Jason Shank | Brandon Sostak |  |
|---|---|---|---|---|---|---|
| **EE by Participant** | $3,002.28 | $2,882.87 | $12,250.00 | $417.16 | $142.92 |  |
| **Pro Rata** | 16% | 15% | 66% | 2% | 1% |  |
| **LOC by Participant** | $960.52 | $922.32 | $3,919.15 | $133.46 | $45.72 |  |
| **Total EE + LOC** | **$3,962.80** | **$3,805.19** | **$16,169.15** | **$550.62** | **$188.64** |  |

| | |
|---|---|
| **Total Delinquent EE Contributions** | **$18,695.23** |
| **Total Lost Earnings** | **$5,981.17** |
| **TOTAL OWED TO PLAN** | **$24,676.40** |

Attachment A